## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KYLE ROSE,

          Appellant,

       v.

SMALL BUSINESS
   ADMINISTRATION,

         Agency.

DOCKET NUMBER
SF-1221-20-0738-W-1

DATE: September 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kyle Rose</u>, Modesto, California, pro se.

<u>Anna M. Rosenbaum</u>, Denver, Colorado, for the agency.

<u>Jeanne Louise Heiser</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication
of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

On petition for review, the appellant argues, among other things, that the administrative judge misapplied the *Carr* factors as set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), and erred in permitting the agency to take his deposition. Petition for Review File, Tab 1 at 9-24. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's discussion of the second *Carr* factor, we AFFIRM the initial decision.

Upon review of the record, we agree with the administrative judge's finding that the agency demonstrated by clear and convincing evidence that it would have reassigned/transferred the appellant, reduced his hours, and terminated him absent his May 20, 2020 protected disclosure. Initial Appeal File (IAF), Tab 30, Initial Decision (ID) at 33-52. In determining whether the agency met its burden, the administrative judge properly considered all relevant factors, including the following: (1) the strength of agency's evidence in support of its actions; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decisions; and (3) any evidence that the agency takes similar actions against employees who do not engage in such

protected activity, but who are otherwise similarly situated. ID at 33-34; *see Carr*, 185 F.3d at 1323.

The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has articulated a broader and more flexible approach to the second *Carr* factor, i.e., the agency's motive to retaliate. *See Miller v. Department of Justice*, 842 F.3d 1252, 1261-62 (Fed. Cir. 2016) (explaining that the second *Carr* factor should be evaluated "more generally" because the factor is directed at agency officials involved in making the decision, not just at the employee's direct supervisor). In *Whitmore v. Department of Labor*, 680 F.3d 1353 (Fed. Cir. 2012), the Federal Circuit found that those responsible for the agency's performance overall may be motivated to retaliate even if they were not directly implicated by the disclosures or did not personally know the whistleblower because the criticism could reflect on them in their capacities as managers and employees. *Whitmore*, 680 F.3d at 1370. The court also reasoned that it is "plainly inconsistent" for an administrative judge to find "no evidence" of retaliatory motive when he previously found that the timing of the agency action followed closely enough to the appellant's disclosure that one could reasonably conclude that the protected disclosure was a contributing factor in the agency's action. *Id*. at 1372. Based on this language, we acknowledge that the administrative judge's finding that there was "no retaliatory motive," ID at 48, may have been an overstatement of the record because the agency officials responsible for the appellant's reassignment/transfer, reduction in hours, and termination all had knowledge of his protected disclosure, were generally implicated by the contents of the disclosure, and were in his chain of command, ID at 9-12, 29; IAF, Tab 8 at 40, 44-45. Additionally, the administrative judge previously correctly found that the appellant's disclosure was a contributing factor to the personnel actions. ID at 29. Thus, consistent with *Miller*, *Whitmore*, and similar cases, a motive to retaliate may have existed.

Nevertheless, we find no other evidence of a motive to retaliate absent the basic factors listed above. Importantly, although the appellant had a reasonable belief that the agency was violating a law, rule, or regulation, his belief was incorrect.[2] As such, we agree with the administrative judge that the appellant's disclosure "could not possibly cause embarrassment or harm to the agency or anyone in leadership roles," and that there was "no danger" to agency officials' careers or reputations. ID at 45, 48. Thus, any motive to retaliate, if it existed here, was slight and does not outweigh the other factors as discussed by the administrative judge, especially the strength of the agency's evidence in support of the appellant's reassignment/transfer, reduction in hours, and termination. ID at 34-44. Therefore, we agree with the administrative judge's conclusion that the agency proved by clear and convincing evidence that it would have transferred/reassigned the appellant, reduced his hours, and terminated him absent his whistleblower status.[3] ID at 51-52.

---

[2] The appellant's protected disclosure asserted that the agency was violating a law, rule, or regulation by approving loans to religious institutions. IAF, Tab 9 at 54-55. Although the appellant is correct that 13 C.F.R. § 123.301 (2020) generally prohibits religious institutions from receiving an economic injury disaster loan, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) granted increased eligibility for small businesses and organizations to receive loans under either the Economic Injury Disaster Loan program or the Paycheck Protection Program. The CARES Act provided that, during the covered time period, nonprofit organizations, defined as any organization with status under 26 U.S.C. § 501(c)(3) and exempt from taxation under 26 U.S.C. § 501(a), shall be eligible to receive a covered loan if certain qualifying conditions are met. CARES Act, Pub. L. No. 116-136, §§ 1102, 1110, 134 Stat. 281, 286-94 (2020) (codified at 15 U.S.C. §§ 636(a)(36)(A)(vii), (D)(i)), (b); 15 U.S.C. § 9009(b) (2020). Generally, 26 U.S.C. § 501(c)(3) covers religious institutions. Thus, it appears that 13 C.F.R. § 123.301 (2020) and 15 U.S.C. §§ 636, 9009 (2020) conflict. In such situations, the statutes controls. *See Johnson v. Department of Justice*, 71 M.S.P.R. 59, 67 (1996). Accordingly, the appellant's disclosure alleging that the agency was violating the law by approving loans for religious institutions, while based on a reasonable belief, is, nonetheless, incorrect. *See* IAF, Tab 9 at 155-59.

[3] We have also considered the appellant's arguments on review that the administrative judge erred in permitting the agency to take his deposition, but those arguments are unconvincing. We agree with the administrative judge's conclusion that the agency's notice of deposition was sufficiently compliant with 5 C.F.R. § 1201.73, and we agree that it is axiomatic that an appellant's deposition seeks discoverable information. IAF,

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

Tab 22 at 2. Further, because the appellant did not request a hearing, we agree with the administrative judge that his deposition testimony was his only sworn testimony in this matter and, therefore, discern no error in the administrative judge's decision to admit his deposition testimony into evidence. ID at 15 n.9.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                  _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.